## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JACK JONES,

    Plaintiff,

    v.

JUDGE MICHAEL PEARSON,
DETECTIVE J. CHINCHILLA,
DETECTIVE J. PEREZ,

    Defendants.

Civil Action No.:  ELH-21-2574

### MEMORANDUM

Plaintiff Jack Jones, who is self-represented, filed a civil rights suit on October 15, 2021 (ECF 1, ECF 1-1), along with a motion to proceed in forma pauperis.  ECF 2.  He has sued the named defendants alleging violation of his constitutional rights when a search warrant was issued for his vehicle based on information that he claims was fraudulent.  ECF 1-1 at 5-7.  Plaintiff adds that his vehicle was improperly impounded and sold.  *Id*. at 3-4.

The claim against defendant Michael Pearson, a Judge of the Circuit Court for Prince George's County, is based on Judge Pearson's issuance of the search warrant.  The claims against the police officer defendants are based on their use of information to secure the warrant that they knew was false.

Plaintiff's claim against Judge Pearson is barred by the doctrine of judicial immunity and must be dismissed.  "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.  The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.  Nor are suits against judges the only available means through which litigants can

protect themselves from the consequences of judicial error.  Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Plaintiff's claims against the police officers may not proceed if plaintiff was convicted on the underlying charges involving the alleged fraudulent search warrant.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).  However, a Fourth Amendment claim does not necessarily imply that the underlying conviction is unlawful where "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt."  *Covey v. Assessor of Ohio Cty.,* 777 F.3d 186, 197 (4th Cir. 2015).

The outcome of the underlying criminal case, including plaintiff's plea in that case, cannot be discerned from the Complaint, as submitted.  Further, the date on which the alleged wrongful conduct took place is not included in the Complaint.  Plaintiff will be given an opportunity to supplement the Complaint with information about the underlying criminal case and the date the conduct complained of occurred.  He is forewarned that failure to provide the supplemental information will result in dismissal of the Complaint, without further notice, and without prejudice.

Additionally, the affidavit in support of plaintiff's motion to proceed in forma pauperis fails to conform to the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides that "[a] prisoner seeking to bring a civil action . . .  without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint   . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  Thus, plaintiff must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist plaintiff in providing this information to the Court, the Finance Officer at Roxbury Correctional Institution ("RCI")  shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

A separate Order follows.


October 27, 2021                                      _____/s/_____
Date                                                          Ellen L. Hollander
                                                               United States District Judge

3