# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JACK JONES,

    Plaintiff,

v.

JUDGE MICHAEL PEARSON,
DETECTIVE J. CHINCHILLA,
DETECTIVE J. PEREZ,

    Defendants.

Civil Action No.: ELH-21-2574

## MEMORANDUM

Plaintiff Jack Jones, who is self-represented, filed a civil rights suit on October 15, 2021 (ECF 1, ECF 1-1), along with a motion to proceed in forma pauperis (ECF 2), which I granted. ECF 6.  Plaintiff sued the named defendants alleging violation of his constitutional rights when a search warrant was issued for his vehicle based on information he claims was fraudulent.  ECF 1-1 at 5-7.  Plaintiff also claimed that his vehicle was improperly impounded and sold. *Id*. at 3-4.

Plaintiff's claim against Judge Pearson was based on Judge Michael Pearson's issuance of the search warrant.  His claims against the police officer defendants were based on their alleged use of knowingly false information to secure the warrant.

On October 27, 2021, this court issued a Memorandum (ECF 3) and Order (ECF 4), dismissing the Complaint as to Judge Pearson, and directing plaintiff to file an amended Complaint.  The Court said, ECF 3 at 2:

> Plaintiff's claims against the police officers may not proceed if plaintiff was convicted on the underlying charges involving the alleged fraudulent search warrant.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).  However, a Fourth Amendment claim does not necessarily imply that the underlying conviction is unlawful where "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt." *Covey v. Assessor of Ohio Cty.,* 777 F.3d 186, 197 (4th Cir. 2015).

> The outcome of the underlying criminal case, including plaintiff's plea in that case, cannot be discerned from the Complaint, as submitted. Further, the date on which the alleged wrongful conduct took place is not included in the Complaint. Plaintiff will be given an opportunity to supplement the complaint with information about the underlying criminal case and the date the conduct complained of occurred. He is forewarned that failure to provide the supplemental information will result in dismissal of the complaint without further notice and without prejudice.

Plaintiff was provided 28 days in which to file the supplemental information and was forewarned that failure to do so would result in dismissal of the Complaint. ECF 4. On November 30, 2021, having not received anything further from plaintiff, the court entered an Order dismissing the Complaint for failure to comply with the Court's Order of October 27, 2021. ECF 5.

On December 9, 2021, the court received and docketed plaintiff's Amended Complaint, dated December 4, 2021. ECF 8. Plaintiff's second Amended Complaint, filed on December 14, 2021, is substantially similar. ECF 10. As such, I shall vacate the Order of November 30, 2021. The case is reopened so that plaintiff's supplemental filings may be considered.

In his second Amended Complaint, plaintiff explains that his claims arise out of the conduct of Prince George's County police officers during their investigation of plaintiff's assault of Christopher Watson. ECF 10 at 3. Specifically, plaintiff alleges that Officer Perez intentionally falsified an application for a search warrant before Judge Pearson. ECF 10 at 2. He states that Detective Chinchilla was the affiant in the application for search warrant presented to Judge Pearson. *Id*. Plaintiff contends that defendants executed a search and seizure warrant for his vehicle but his vehicle had no nexus to the assault. *Id*. at 3. When plaintiff was released on bail he attempted to retrieve his vehicle but was not able to do so. *Id*. Plaintiff was arrested on a different charge, where bail was denied and his vehicle remained in the impound lot. *Id.* at 3. Ultimately, the vehicle was sold, without plaintiff's consent. Plaintiff contends that no evidence

was retrieved from the vehicle. *Id.* He claims that he was deprived of his property rights in the vehicle, as well as the ability to "present any evidence from the truck within his defense…." *Id.*

As a seemingly separate claim, plaintiff alleges: "Defendants presented knowingly false information to the trial court, that video evidence clearly implicated Plaintiff in the crime, which was later proven false." ECF 10 at 3. He also alleges that defendants suppressed favorable evidence, although he does not identify the evidence. *Id.* And, he claims: "Defendants acted in bad faith from knowingly submitting false claims to secure warrants…." *Id.* But, he does not identify the nature of those claims.

Plaintiff also alleges that defendants claimed he had a shotgun, but it was never found, and a judge determined that the video was "inconclusive" to determine whether plaintiff carried a shotgun. ECF 10 at 4. Plaintiff argues that the video showed him with a walking cane, not a shotgun, and the police submitted the information about a gun in bad faith. *Id.* at 5. Further, plaintiff claims that defendants intentionally ordered the destruction of exculpatory evidence. *Id.* at 5. But, he does not identify the evidence.

Plaintiff's filings do not address the issues he was directed to supplement, pursuant to the court's Order of October 27, 2021. Despite plaintiff's expansion of his claims, he does not explain the outcome of the underlying criminal case, including whether he entered a plea in the case or stood trial. Nor has he provided the date(s) of the alleged misconduct. As plaintiff has failed to provide the required supplemental information, the Complaint is again dismissed, and the Clerk is again directed to again close the case.

A separate Order follows.

January 31, 2022                                          /s/
Date                                                      Ellen L. Hollander
                                                          United States District Judge